PARKS v. SAW CO.

(*Nashville.* January 27, 1900.)

BILL. *Not broad enough for general creditors', when.*

Under a bill, filed on behalf of complainant alone, against a corporation and its assignee alone, to set aside, as defectively executed and fraudulent, transfer of its property, and subject same to complainant's debt, the Court cannot assume jurisdiction to administer the affairs of the defendant corporation as an insolvent corporation, as under a general creditors' bill.

FROM DAVIDSON.

Appeal from Chancery Court of Davidson County. H. H. COOK, Ch.

J. C. BRADFORD and J. M. WILLIAMS, JR., for Parks.

MORTON B. HOWELL for Saw Co.

WILKES, J. The object of this bill, as appears in the pleadings, is to impound and subject to the debt of complainant certain personal property of defendant, consisting of saws and mill machinery, and an indebtedness due them from their Nashville agents.

It appears that the mill supplies were conveyed to Bacon, as trustee, on 3d of November, 1897,

the parties being residents of St. Louis, Mo., and the property in the hands of Bowler & Shinn, at Nashville. The property was to be sold and proceeds applied to certain specified debts. This deed of trust was registered on the day next after its execution, to wit: the · 4th of November, 1897, in Davidson County, where the property was situated. Upon the same day that this deed of trust was executed by the saw company, they executed a second deed of trust, conveying to the same trustee, Bacon, certain real estate in Missouri, and all debts due them. This latter instrument was not registered in Tennessee.

When the deeds were executed, the trustee notified Bowler & Shinn, their agents at Nashville, that the balance in their hands due to the saw company, had been assigned to him, and not to pay the same to any other person. On the 9th of November, 1897, complainants, who are residents of Pennsylvania, filed their bill at Nashville, attacking the conveyance as fraudulent, and sought to subject the property to the payment of a debt due them by the saw company. Attachment and injunction were prayed for, but it appears that only an injunction was granted to restrain the paying over of the money due the saw company, by their agents, and any transfer of the property. An agreement was entered into under which the amount in the hands of Bowler & Shinn was paid into Court to await the result of the litiga-

tion, and Bowler & Shinn were authorized to sell the personal property and pay its proceeds into Court also.

A plea was then filed by the saw company denying that the conveyances were fraudulent or irregular, and the Chancellor held the deeds of trust properly acknowledged, and that question is no longer an open one. Defendants were directed to file an answer as to the other features of the case, which they did, setting out in substance facts already stated.

On November 21, another agreement of counsel was made to the effect that the deeds of trust attacked were valid under the laws of Missouri, and that the amount due from the Nashville agents to the saw company was $964.20, and that it accrued before the deeds of trust were made.

The Chancellor heard the case, and decreed that the indebtedness of the Nashville agents to the saw company passed to Bacon, trustee, by the assignments and notice to the debtor agents, and that the transfer of the personal property was valid under the deeds of trust, and passed the title and right to it also to Bacon, trustee.

We think there can be no doubt of the correctness of this decree, which was affirmed by the Court of Chancery Appeals. The trust deeds, it is conceded, were good under the laws of Missouri, where they were made, and were registered in Tennessee before complainants filed their bill.

And the debt due the saw company from its agents was assigned, and the assignment perfected by notice, before the bill was filed. This is all that is involved in the pleadings in this case, as the purpose of the bill was to attack the conveyances and transfer, and subject the property of the saw company to complainant's debt, upon the ground that the conveyances were, first, defectively acknowledged; second, were fraudulent and void.

The Court of Chancery Appeals has taken a wider range in its investigation of the case, and errors have been assigned which raise other questions, which we think are not embraced within the pleadings and scope of the bill and cannot be considered.

The first assignment of errors in this case proceeds upon the idea that the saw company is insolvent, and should be wound up as an insolvent corporation of this State, and its assets distributed *pro rata* among all creditors, as would be done in the case of home or resident creditors of an insolvent home corporation.

It is only necessary to say, as to this feature, that it is beyond the scope and purpose of the bill, as filed, which was to set aside the deeds of trust and apply the proceeds of the property alone to complainant's debts and not to debts generally. It is in no sense a general creditors' bill, nor can we see any good reason why it should be remanded to the Court below in order that an

attempt may be made to make it so. Nor is it a bill to wind up the saw company as an insolvent corporation, nor does it make allegations of insolvency, and the relief prayed, while somewhat indefinite and meager, is evidently to attach and hold the property for complainant's debts, and enjoin its transfer. There is no question as between resident and nonresident creditors, nor as between complainants and any other creditors, for none others are made parties or mentioned, except incidentally.

We are of opinion that there is no error in the result reached by the Court of Chancery Appeals, and its decree is affirmed.